# EXHIBIT A

# Complaint

# EXHIBIT A

Electronically Filed
11/29/2024 2:41 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff MALCOLM SHEPHERD

CASE NO: A-24-907076-C
Department 14

DISTRICT COURT
CLARK COUNTY NEVADA
* * *

MALCOLM SHEPHERD,
            Plaintiff,
vs.

TESLA, INC., (a.k.a. TESLA MOTORS, INC.) a Delaware Corporation; DOES I-X; and, ROE Business Entities I-X,
            Defendants.

Case No.:

Dept. No.:

**COMPLAINT**

JURY TRIAL DEMANDED

Arbitration Exemption: Matter seeking equitable or extraordinary relief

COMES NOW THE PLAINTIFF, by and through her counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

I. **JURISDICTION AND VENUE**

1. This is a civil action for damages brought by MALCOLM SHEPHERD against his former employer to redress discrimination, harassment, and retaliation under state and federal anti-discrimination statutes including Title VII of The Civil Rights Act of 1964, The Civil Rights Act of 1866 (42 U.S.C. § 1981) and NRS 613.330 *et seq*.

2. The events complained of herein took place in Storey County, Nevada.

3. Plaintiff timely filed a charge, incorporated herein by this reference, with the Equal Employment Opportunity Commission (EEOC), Charge No. 550-2023-2446. The

1

charge was initially filed through an intake questionnaire prior to October 25, 2023, and the formal Form 5 Charge was filed on October 25, 2023. The filing with EEOC and exhaustion of administrative avenues through the EEOC is deemed to satisfy state exhaustion requirements pursuant to NRS 233.160. Also, this was a dual filing with both agencies. This dual filing was made pursuant to the law and the then-active Work Sharing Agreement between EEOC and Nevada Equal Rights Commission (NERC).

4. On September 4, 2024, the EEOC issued Plaintiff a "Right to Sue" notice in the aforementioned Charge. Plaintiff is timely filing this civil action within the requisite 90 days of his receipt of that Notice.

5. Plaintiff has fully complied with all prerequisites under Nevada state and federal statutes to pursue these claims in this court.

## II. CLAIMS FOR RELIEF

### Factual Allegations Common to all Claims

6. The Plaintiff is a black, African American, resident of Washoe County Nevada. From approximately June 2020 through approximately May 2, 2023 Plaintiff was an employee at one of Defendant TESLA, INC.'s places of business, its Gigafactory Campus in Storey County Nevada. Plaintiff started as a Production Associate and was promoted multiple times until his final position held which was a Production Supervisor.

7. Defendant, TESLA, INC., is a Delaware Corporation. Upon information and belief, it is also known as TESLA MOTORS, INC. It has continuous and ongoing business operations in the state of Nevada and engages in an industry affecting commerce. It has well in excess of 500 employees. Plaintiff is unaware of where TESLA, INC. "resides"

2

for purposes of venue and therefore sues TESLA, INC. in the county of his choice pursuant to NRS 13.040 and designates Clark County, Nevada as the place for trial.

8. Defendant can only operate by and through its employees whether those persons are designated as owners, agents, managers, supervisors, or employees.

9. Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint. Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained

10. Defendant TESLA, INC, is an employer under the definition of "employer" under NRS Chapter 613 as well as under Title VII.

11. Defendant TESLA, INC., upon information and belief, has, during the entirety of Plaintiff's employment with TESLA, INC. been a party to one or more contracts with the United States Department of Defense, or constituent agencies or military branches within the Department of defense and such contract(s) had economic value in excess of one million dollars ($1,000,000.00),

12. The various violations of law which are alleged herein were committed intentionally and/or willfully in violation of Plaintiff's legal rights by Defendant and with malice, fraud, or oppression.

13. This is a civil action for damages under state and federal statutes prohibiting discrimination and retaliation and to redress deprivation of rights under these laws.

14. Plaintiff's statutory claims arise under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

15. As Plaintiff's employers during the relevant time period, Defendants were engaged in operations and/or conducting business within the County of Clark, State of Nevada. Defendant Clark County was engaged in activities affecting commerce and employed at least 500 employees in the two calendar years preceding the events in question.

16. As an employer in Nevada, and/or other states, Defendants are required to comply with all state and federal statutes which prohibit race and color discrimination, and retaliation.

17. Plaintiff, Malcolm Shepherd, is a black African American male citizen of the State of Nevada, who was employed by Defendant TESLA, INC. from June 2020 through May 2, 2023. At all times mentioned herein the Plaintiff performed his work at or above a level that the Defendants had a reasonable right to expect.

18. Plaintiff has physical characteristics and skin color consistent with his race, ethnicity, and black African origin.

## FACTS

19. Throughout his employment at TESLA, INC, Plaintiff was subjected to harassment and discrimination by his superiors including, but not limited to, Robert Whittiker and Maddison Dauch. These managers/supervisors also engaged in race based harassment and discrimination against other African-American employees including Devonte Schults, Dememprius McGruder, Cue Maciel Perez, and Solomon Johnson.

4

20. There are numerous examples of TESLA, INC. and its managers and employees engaging in discriminatory conduct, too many to chronicle here. However, Plaintiff was literally told by HR Representative Mara Alonso that Plaintiff's male, African-American, physical features were intimidating and essentially scary to persons in the workplace. This is outrageous racial stereotyping by Defendant and its responsible employees and this racial stereotyping drove much of the discriminatory and harassing treatment that was directed at Plaintiff. It was unfounded. Plaintiff is not intimidating and has never acted in an intimidating manner toward anyone in the workplace at TESLA, INC. Maddison Dauch spread false and malicious statements against Plaintiff in TESLA, INC's workplace also based on racial stereotypes, discrimination, and harassment, and TSLA, INC ratified this conduct and did nothing to properly investigate or take prompt remedial action of this harassment.

21. Plaintiff made numerous complaints about what he reasonably perceived as race harassment and discrimination by Whittiker and Dauch. For example, in April 2023 Plaintiff complained about racially motivated harassment or discriminatory treatment by Whittiker to HR representative Mara Alonso. Between March and early April 2023 Plaintiff discussed his concerns about race discrimination and harassment with HR Manager Michael Dunn. Plaintiff also raised concerns about discrimination and harassment to Whittiker himself and Mara Alonso. Nothing was done, no prompt remedial action was taken, and Plaintiff's complaints of race discrimination and harassment went unaddressed by Defendant.

22. Worse, Plaintiff's employment was terminated on May 2, 2023, less than a month after his complaints about race discrimination and harassment were made to TESLA, INC.

This termination was retaliation for Plaintiff's protected opposition to what he reasonably perceived to be race discrimination and harassment.

23. The reason given by Defendant for Plaintiff's termination was false and pretextual. It was ginned up by Robert Whittiker and Mara Alonso as a means to retaliate against Plaintiff for his protected opposition to illegal discrimination and harassment based on race. The reason given was false. Plaintiff was not guilty of the conduct that he was accused of and Defendant knew that he was not guilty of it or turned a blind eye to the truth in order to have a pretext to fire Plaintiff while covering up the retaliatory motive of the decision makers or those who strongly influenced the decisionmakers. Moreover, even if Plaintiff had been the one to engage in the behavior in question, which he denies, that behavior is not worthy of credence as a basis to terminate Plaintiff's employment because non-African-American employees who actually admit to being guilty of such behavior were not terminated or disciplined for that behavior. As one example, Dustyn Lumley admitted to similar or worse behavior than that Plaintiff was falsely accused of, yet he was not terminated from his employment and the decisionmaker in not terminating Lumley's employment was the same supervisor who has discriminated against Plaintiff, Robert Whitiker. Whitiker has a long history of treating non-minority employees less favorably than he does Caucasian/non-Hispanic employees. This differential treatment not only establishes pretext, but alternatively is another example of disparate discriminatory treatment of Plaintiff where he was treated less favorably in the terms and conditions of his employment than other employees not in his protected racial class.

24. The discriminatory treatment of Plaintiff by the Defendants was because of or on account of, in whole or in part, the Plaintiff's race and/or color and/or retaliation for his

opposition to discrimination or participation in proceedings related to alleged Title VII violations. The conduct that Plaintiff suffered was a continuing violation of Title VII of the Civil Rights Act of 1964, NRS Chapter 613, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

25. The Plaintiff filed a formal Charge of Discrimination on the basis of Race, Sex, and Retaliation October 25, 2023 in EEOC Charge No. 550-2023-02446 which is incorporated here by reference as if fully set forth herein.

26. Defendant subjected Plaintiff to different, unequal and discriminatory treatment which included but was not limited to increased scrutiny of Plaintiff's work, humiliating and condescending treatment, purposeful economic deprivation, derogatory comments, and undermining and subversion of Plaintiff's attempts to remedy the discrimination. This different, unequal and discriminatory treatment in his employment was on account of and directly connected with or related to Plaintiff's African Race, and/or Ethnicity.

27. Defendant subjected Plaintiff to different, unequal and discriminatory treatment which included but was not limited to increased scrutiny of Plaintiff's work, humiliating and condescending treatment, purposeful economic deprivation, derogatory comments, and undermining and subversion of Plaintiff's attempts to remedy the discrimination. This different, unequal and discriminatory treatment in his employment was on account of and directly connected with or related to Plaintiff's protected opposition to discrimination.

28. Defendant is required to comply with statutes prohibiting race discrimination and their related anti-retaliation provisions for both protected opposition activity and protected participation activity.

29. Plaintiff has exhausted all required administrative avenues. EEOC issued a Notice of Suit Rights on September 4, 2024. This action was timely filed.

## FIRST CLAIM: RACE DISCRIMINATION IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964 AND NRS CHAPTER 613.

All other Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

30. Plaintiff, at all times, has performed his job at or above a level that his employer had a reasonable right to expect.

31. Plaintiff was discriminated against by the Defendants in the terms, conditions, privileges, and benefits of his employment based upon his race.

32. Plaintiff was retaliated against after he opposed and complained about the discriminatory treatment that he received.

33. Plaintiff suffered one or more adverse job consequences intentionally imposed by the Defendants. These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

34. One or more of Plaintiff's co-workers who were not of Plaintiff's race and/or color were treated more favorably in the terms and conditions of their employment than Plaintiff was treated.

35. Plaintiff's employment was terminated by Defendant on May 2, 2023 when he was fired due to discrimination based on race and in retaliation for Plaintiff having opposed and complained about the discriminatory and illegal treatment.

36. The Plaintiff was subjected to Race Harassment in that the Defendants created a hostile work environment that adversely impacted the terms and conditions of the Plaintiff's employment

and made it more difficult for him to perform the duties of his job. The acts, omissions, and behavior of the Defendants was objectively and subjectively offensive and was severe or pervasive in nature.

37. Defendant's discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of Title VII of the Civil Rights Act of 1964 and NRS Chapter 613.

38. Plaintiff suffered injury to his reputation, embarrassment, humiliation, mental anguish and suffering, inconvenience, emotional distress, and other cognizable general damages as a direct and proximate result of Defendant's actions. The amount of these damages is a question of fact that may only be ascertained by the jury at trial.

39. Plaintiff has suffered and will suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

40. Plaintiff has been required to hire an attorney and expend fees and costs to pursue her rights through this action.

41. The actions of the Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal and Nevada law.

### SECOND CLAIM: RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT RACE HARASSMENT IN VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1981

All other Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

42. Defendants have violated the Civil Rights Act of 1866, as amended, through the actions of their managers and officials in failing to provide equal contractual opportunities to black African-American employees, specifically including the Plaintiff.

43. Defendants intentionally retaliated against the Plaintiff for his opposing their discriminatory and illegal conduct under the Act and for demanding equal treatment in his contractual relations with the Defendant.

44. Defendants created a hostile work environment based on Plaintiff's race which included acts and deliberate omissions that were harmful to the Plaintiff and were engaged in such a severe or pervasive way that the Plaintiff's terms and conditions of employment were adversely affected. The behavior of the Defendants was both objectively offensive and subjectively offensive.

45. Plaintiff has been harmed by Defendant's actions, has suffered damages and is entitled to be fully compensated therefor.

46. The actions of the Defendant were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under Federal law. The Individual Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

### THIRD CLAIM: RETALIATION IN VIOLATION OF 42 U.S.C. §1981

All other Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

47. Plaintiff was retaliated against after he opposed and complained about the racially discriminatory treatment that he received in Defendants' workplace.

48. Plaintiff suffered one or more adverse job consequences intentionally imposed by the Defendants. These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

49. Plaintiff's employment was terminated by Defendants in August 2015 when he was fired due

to discrimination based on race and retaliation for Plaintiff having opposed and complained about the discriminatory and illegal treatment.

50. The Plaintiff was further retaliated against by the Defendant willfully, embarrassingly, and harassingly, refusing to promote or grant requested transfers to the Plaintiff because he had opposed the Defendants' policies, practices, and actions made illegal under 42 U.S.C. §1981.

51. Defendants' discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of 42 U.S.C. §1981.

52. Plaintiff suffered harm to professional reputation, mental anguish, humiliation and emotional distress as a direct and proximate result of Defendant's actions.

53. The Plaintiff suffered damages including, but not limited to, lost wages, lost benefits of employment, emotional distress, mental anguish, humiliation, embarrassment, and other general damages in amounts to be proven at trial.

54. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

55. The actions of the Defendant were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under Federal and/or Nevada law. The Individual Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

**FOURTH CLAIM: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED, 42 U.S.C. §2000e**

56. All other Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

57. This claim is expressly pled in the alternative pursuant to NRCP Rule 8.

58. Plaintiff was fired in violation of both the opposition clause and the participation clause contained within Title VII of the Civil Rights Act of 1964.

59. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

60. The aforementioned state and federal statutes prohibiting discrimination also separately prohibits employers from retaliating against any individual engaging in protected activity which includes reporting, complaining about, or raising concerns, and opposing possible discrimination or acts which might constitute discrimination. It also prohibits retaliation for participating in the mechanisms of enforcement for Title VII.

61. Defendants subjected Plaintiff to retaliation after, and as a result of, his engaging in protected activity which is more fully detailed above.

62. The actions and conduct by Defendants would deter Plaintiff and others from reporting, complaining, opposing or otherwise engaging in protected conduct, thus constituting illegal retaliation under Title VII which has been held to apply any time employer reprisal conduct related to complaints or protected actions "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern Co. v. White,* 548 U.S. 53 (2006).

63. Defendants failed to take reasonable actions to prevent retaliation against Plaintiff. To Plaintiff's knowledge and perception, after he complained and otherwise engaged in protected activities, no preventive or remedial actions were taken to prevent retaliation.

64. The aforementioned action and conduct of Defendants constitutes illegal retaliation, and/or retaliatory harassment, prohibited under state and federal law.

65. As a direct and proximate cause of Defendants wrongful conduct and illegal discrimination

in the form of retaliation, Plaintiff has been substantially harmed, economically and emotionally, and is, therefore, entitled to be fully compensated and receive all appropriate equitable and legal remedies recognized under the law.

66. As a result of Defendants' acts described in this complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

## III. DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, the Plaintiff Prays Judgment against the Defendant and requests relief as follows:

1. For actual and compensatory damages in an amount to be determined by a jury at trial;
2. For general damages in an amount to be determined by a jury at trial;
3. For Punitive and/or Exemplary damages from the Individual Defendants in an amount to be determined by a jury at trial;
4. For Attorney's fees;
5. For costs of suit;
6. For pre-judgment interest;
7. For a trial by jury of all issues that may be tried to a jury;
8. For equitable and injunctive relief as set forth herein including reinstatement of employment or front pay in lieu of reinstatment;
9. For all remedies available under Title VII of the Civil Rights Act of 1964, as amended;
10. For all remedies available for liability under 42 U.S.C. § 1981;

///
///
///
///

11. For All remedies available under NRS 613.432;

12. For such other and further relief as the court may deem just and equitable.

DATED November 29, 2024.

/s/ James P. Kemp
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff