DEVERIE CHRISTENSEN, ESQ.
Nevada Bar No. 6596
HILARY A. WILLIAMS, ESQ.
Nevada Bar No.14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: deverie.christensen@jacksonlewis.com
Email: hilary.williams@jacksonlewis.com

*Attorneys for Defendant Tesla, Inc.*
*f.k.a. Tesla Motors, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MALCOLM SHEPHERD,<br><br>       Plaintiff,<br><br>vs.<br><br>TESLA, INC., (a.k.a. TESLA MOTORS, INC.) a Delaware Corporation; DOES I-X; and ROE Business Entities I-X.<br><br>       Defendants. | Case No.: 3:25-cv-00137-ART-CSD<br><br>**DEFENDANT'S:**<br><br>**(1) MOTION TO COMPEL ARBITRATION;**<br><br>**(2) MOTION TO STAY CASE PENDING DECISION OF MOTION TO COMPEL ARBITRATION; AND**<br><br>**(3) MOTION TO STAY CASE PENDING COMPLETION OF ARBITRATION**<br><br>**(HEARING REQUESTED)** |

Defendant Tesla, Inc. ("Defendant" or "Tesla") by and through its counsel, the law firm of Jackson Lewis P.C., hereby brings this (1) Motion to Compel Arbitration, (2) Motion to Stay Case Pending Decision of Motion to Compel Arbitration; and (3) Motion to Stay this Action pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 and the Uniform Arbitration Act of 2000, Nev. Rev. Stat. § Ch. 38, *et seq.* This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.[1]

---

[1] Defendant notes that a motion to compel arbitration and motion to stay pending arbitration are considered Rule 12 motions for the purposes of Rule 12(a)(3) and thus tolls the deadline for Defendant to file an answer. *See Cline v. Etsy, Inc.*, No. 2:15-CV-2115 JCM (VCF), 2016 U.S. Dist. LEXIS 67965, at *24-25 (D. Nev. May 23, 2016) ("While a motion to compel is not included in the motions enumerated in Rule 12(b)," courts in this district and others "have traditionally considered certain pretrial motions, including motions to compel arbitration, as a Rule 12(b) motion for purposes of Rule 12(a)(4)."); *Armendariz v. Ace Cash Express*, 2013 U.S. Dist. LEXIS 101078, at *3-4 (D. Ore. July

JACKSON LEWIS P.C.
LAS VEGAS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Malcolm Shepherd ("Plaintiff") should be compelled to arbitrate his claims as they all relate to his employment with and termination from Defendant, which is expressly covered by an arbitration agreement between the parties. While this Motion is pending, Defendant respectfully requests that the Court stay the case in accordance with Nevada law and judicial economy. If Plaintiff is compelled to arbitrate his claims, Defendant further requests that the Court stay this case pending completion of arbitration.

### II.   BACKGROUND

#### A.   Shepherd's Allegations.

This matter arises out of Plaintiff's employment and termination from Tesla. ECF No. 1-1 at ¶¶ 19, 22. Plaintiff alleges that Defendant subjected him to race-based harassment and discrimination. *Id.* at ¶ 19. He further alleges that he was discharged after he complained about race discrimination and harassment. *Id.* at ¶ 22. Plaintiff now brings suit alleging claims for: (1) Race Discrimination in Violation of Title VII, Civil Rights Act of 1964 and NRS Chapter 613; (2) Race Discrimination and Hostile Work Environment Race Harassment in Violation of Civil Rights under 42 U.S.C. § 1981; (3) Retaliation in Violation of 42 U.S.C. § 1981; and (4) Retaliation in Violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e. ECF No. 1-1.

#### B.   Plaintiff Signed a Mutual Arbitration Agreement.

On June 13, 2020, Plaintiff signed an offer letter, which contained a mandatory arbitration agreement (the "Arbitration Agreement"). **Exhibit 1** at 2-3; **Exhibit 2**; **Exhibit 3** at ¶ 11. The Arbitration Agreement states:

> In addition, to ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity,

---

19, 2013); *Lopez v. Am. Express Bank, FSB*, No. CV 09-07335 SJO (MANx), 2010 U.S. Dist. LEXIS 76356, at *5-8 n.4 (C.D. Cal. June 2, 2010); *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004) (holding as a matter of Third Circuit law that motions to compel arbitration should be treated as motions to dismiss under Rule 12(b)(6); *1 Foot 2 Foot Ctr. for Foot & Ankle Care, P.C v. DavLong Bus. Sols., LLC*, 631 F. Supp. 2d 754, 756 (E.D. Va. 2009); *Creative Tile Mktg., Inc. v. SICIS Int'l, S.r.L*, 922 F.Supp. 1534, 1537 n. 1 (S. D. Fla. 1996)); *see also* 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1360 (recognizing that a motion to stay pending arbitration has been treated as a responsive pleading and can be brought under the scope of FRCP 12(b)).

arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by final binding and confidential arbitration in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes; provided that:

    i. Any claim, dispute, or cause of action between the parties must be brought in a party's individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding; and

    ii. The Parties agree that each may file claims against the other only in their individual capacities, and may not file claims as a plaintiff and/or participate as a representative in any representative action against the other, except to the extent this provision is unenforceable under the applicable law; and

    iii. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute and to award such relief as would otherwise be permitted by law; and

    iv. The arbitrator shall not have the authority to consolidate the claims of other employees and shall not have the authority to fashion a proceeding as a class or collective action or to award relief to a group or class of employees in one arbitration proceeding; and

    v. The arbitrator shall issue a written arbitration decision including the arbitrator's essential findings and conclusions and a statement of the award; and

    vi. Both you and Tesla shall be entitled to all rights and remedies that you or Tesla would be entitled to pursue in a court of law; and

    vii. Tesla shall pay all fees in excess of those which would be required if the dispute was decided in a court of law.

Ex. 1 at 2.

Accordingly, the scope of claims subject to arbitration is broad and applies to any and all employment-related disputes. *See id.* (stating that "any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law" by arbitration). The Arbitration Agreement further provides:

> Arbitrable claims do not include, and this Agreement does not apply to or otherwise restrict, administrative claims you may bring before any government agency where, as a matter of law, the parties may not restrict your ability to file such claims (including discrimination and/or retaliation claims filed with the Equal Employment Opportunity Commission and unfair labor practice charges filed with the National Labor Relations

> Board). Otherwise, it is agreed that arbitration shall be the exclusive remedy for administrative claims. If one or more of the provisions in this arbitration agreement, or any portion thereof, are deemed invalid, unenforceable, or void under the Federal Arbitration Act or other applicable law, then the remaining provisions, or portions thereof, shall not thereby be affected and will continue in full force and effect, and shall be given full effect without regard to the invalid, unenforceable, or void provision, or portion thereof.

*Id.* at 3.

Plaintiff used his electronic signature on June 13, 2020 to confirm his agreement to the terms of the Arbitration Agreement. *Id.* at 4; Ex. 2; Ex. 3 at ¶¶ 11-12.

### III.   LEGAL ARGUMENT

**A. Plaintiff Should Be Compelled to Arbitrate His Claims.**

Under the Federal Arbitration Act (the "Act" or "FAA"), agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 683 (1996) (*quoting* 9 U.S.C. § 2).[2] The FAA permits parties to an arbitration agreement to move the Court for an order compelling arbitration. 9 U.S.C. at § 4. The Act reflects an "emphatic federal policy" in favor of arbitration. *Marmet Health Care Center, Inc. v. Brown*, 565 U.S. 530, 533 (2012); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991) (citations omitted). Indeed, the FAA was designed to override judicial reluctance to enforce arbitration agreements, relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Coleman v. Assurant*, 508 F. Supp. 2d 862, 865 (D. Nev. 2007) (*quoting Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

Similarly, Nevada has adopted the Uniform Arbitration Act ("UAA").[3] *See generally* NRS 38.221. Under the UAA, arbitration agreements are "valid, enforceable and irrevocable

---

[2] "In enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Courts place arbitration agreements "upon the same footing as other contracts." *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

[3] So long as "commerce" is involved, the FAA applies. *Tallman v. Eighth Judicial Dist. Court*, 359 P.3d 113, 121 (Nev. 2015). "[T]hough state laws affecting arbitration can supplement the FAA in areas not addressed by federal law," 1

except…upon a ground that exists at law or in equity for the revocation of a contract." NRS 38.219. The UAA permits a party to an arbitration agreement, who alleges another person has refused to arbitrate pursuant to the agreement, to file a motion to compel arbitration. If the party refusing to arbitrate opposes the motion, "the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds there is no enforceable agreement to arbitrate." NRS 38.221(1)(b). Nevada courts have also recognized that "[s]trong public policy favors arbitration because arbitration generally avoids the higher costs and longer time periods associated with traditional litigation." *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553 (2004). In addition, "Nevada courts encourage arbitration and liberally construe arbitration clauses in favor of granting arbitration." *State Ex rel. Masto v. Second Judicial Dist. Court*, 125 Nev. 37, 44 (2009) (citing *Phillips v. Parker*, 106 Nev. 415, 417 (1990)).

A party seeking to compel arbitration has the burden under the FAA or UAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists,[4] (2) that the agreement to arbitrate encompasses the dispute at issue. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). In making this inquiry, the court is guided by "a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960)). Once an arbitrable issue is found to exist, all doubts concerning the arbitrability will be resolved in favor of arbitration. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1995)

---

Thomas H. Oehmke, COMMERCIAL ARBITRATION § 3:16, at 41 (2015 Supp.), when the FAA applies, it preempts contrary state law whether the preemption issue arises in state or federal court. *See Brown*, 565 U.S. at 533. The Supreme Court has made it clear that state courts "must abide by the FAA, which is 'the supreme Law of the Land,' U.S. Const. art. VI, cl. 2, and by the opinions of [the Supreme] Court interpreting that law." *Nitro-Lift Techs., LLC v. Howard*, 568 U.S. 17, 21, 133 S.Ct. 500, 503, 184 L.Ed.2d 328 (2012).

[4] This does not require the moving party to concede the enforceability of the contract within which the arbitration provision is contained, and Tesla make no such concession here. *See* NRS 38.219(3) ("An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable.").

(interpreting the FAA); *Truck Ins. Exchange v. Palmer J. Swanson, Inc.* 124 Nev. 629, 634, 189 P.3d 656, 650 (2008) (interpreting the FAA and UAA).

### i. *A valid agreement to arbitrate exists.*

The party seeking to compel arbitration must establish the existence of the arbitration agreement by a preponderance of evidence. *See Norcia v. Samsung Telcoms. Am., LLC*, 845 F.3d 1270, 1283 (9th Cir. 2017). Here, it is undisputed that on or about June 13, 2020, Plaintiff digitally signed the Arbitration Agreement. Ex. 1; Ex. 2; Ex. 3 at ¶¶ 11-12. In doing so, he expressly agreed "that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to [his] employment, or the termination of [his] employment, will be resolved, to the fullest extent permitted by law by final binding and confidential arbitration…" Ex. 1 at. 2. Accordingly, a valid agreement to arbitrate exists in this matter.

### ii. *Any dispute regarding the arbitrability of any claims must be resolved by an arbitrator.*

To the extent that Plaintiff may claim that some or all of his claims are not subject to arbitration, that decision must be made by the arbitrator, not the Court. The FAA "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions." *Henry Schein, Inc. v. Archer & Sales, Inc.*, 139 S. Ct. 524, 527 (2019). When an arbitration clause clearly and unmistakably "delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Id.* at 528.

Here, the Arbitration Agreement clearly and unmistakably delegates the power to decide arbitrability to the arbitrator because it incorporates the JAMS employment arbitration rules. *See* Ex. 1 at 2 (requiring arbitration "conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ('JAMS'), or its successors, under the then current rules of JAMS for employment disputes"). JAMS Employment Arbitration Rule 11(b) provides:

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. Unless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

JACKSON LEWIS P.C.
LAS VEGAS

**Exhibit 4** at 7 (available at https://www.jamsadr.com/rules-employment-arbitration/english (last accessed April 1, 2025)).

The parties' incorporation of JAMS' rule regarding substantive arbitrability is "clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank,* 796 F.3d 1125, 1130 (9th Cir. 2015) (concluding the parties delegated questions of arbitrability to the arbitrator when the employment agreement incorporated the arbitral rules of the American Arbitration Association); *see also Smith v. Kellogg Co.,* No. 17-1914, 2018 U.S. Dist. LEXIS 24744, at *7 (D. Nev. Feb. 15, 2018) (concluding that "[i]n this case, the requisite intent to delegate is present in the Continued Employment/Incentive Agreement in the incorporation of the JAMS rules, which delegate the determination of arbitrability to the arbitrator.").

### *iii. Alternatively, Plaintiff's claims fall within the ambit of the arbitration provisions.*

If the Court concludes that it, and not the arbitrator, decides arbitrability, arbitration is still warranted. "[T]here is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT&T Tech., Inc.*, 475 U.S. at 650 (quoting *United Steelworkers of Am.*, 363 U.S. at 582-83). Consistent with the strong presumption favoring arbitration, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph,* 121 S. Ct. 513, 517 (2000); *see also Elko Broadband v. Dhabi Holdings Pjsc*, No. 3:19-cv-00610-LRH-WGC, 2020 U.S. Dist. LEXIS 204022, at *5 (D. Nev. Nov. 2, 2020) (same); *Escobedo v. Apple Nevada, LLC,* No. 2:12-CV-00437-GMN, 2013 U.S. Dist. LEXIS 23727, at *1 (D. Nev. Feb. 20, 2013) (same).

The language of the arbitration provision contained in the Arbitration Agreement requires arbitration of "any and all disputes, claims, or causes of action, in law or equity" relating to Plaintiff's employment with Tesla, including termination thereof. Ex. 1 at 2. Here, the arbitration provision clearly covers Plaintiff's claims for race discrimination and retaliation, which all arise from his employment with and termination by Defendant. *See generally* ECF No. 1-1.

Specifically, Plaintiff alleges that during his employment with Defendant, his managers and supervisors subjected him to race-based harassment and discrimination. *Id.* at ¶ 19. He further alleges that he made complaints about racially motivated harassment or discriminatory treatment, which went unaddressed by Defendant, and his employment was terminated in retaliation for making such complaints. *Id.* at ¶¶ 21-22. Moreover, Plaintiff clearly references his employment or termination in relation to all four of his claims. *See* ECF No. 1-1 at ¶ 31 (alleging under his first claim that "Plaintiff was discriminated against by the Defendants in the terms, conditions, privileges and benefits of his employment based upon his race"); *see also id.* at ¶ 44 (alleging under his second claim that "Defendants created a hostile work environment based on Plaintiff's race…and…the Plaintiff's terms and conditions of employment were adversely affected"); *see also id.* at ¶ 51 (alleging under his third claim that "Defendants' discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of 42 U.S.C. § 1981"); *see also id.* at ¶ 58 (alleging under his fourth claim that "Plaintiff was fired in violation of both the opposition clause and the participation clause contained within Title VII"). In short, Plaintiff's allegations are inextricably combined with his employment, work environment, and termination.

Thus, the allegations in Plaintiff's Complaint clearly relate to or arise out of his employment and termination, and Plaintiff must arbitrate his claims against Defendant.

### iv. *The Franken Amendment does not apply.*

Defendant anticipates that Plaintiff will try to avoid arbitration by arguing that the Franken Amendment invalidates the Arbitration Agreement; however, the Franken Amendment does not apply in this case.[5]

The Franken Amendment provides in relevant part:

> SEC. 8116. (a) None of the funds appropriated or otherwise made available by this Act may be expended for any Federal contract for an amount in excess of $1,000,000 that is awarded more than 60 days after the effective date of this Act, unless the contractor agrees not to:

---

[5] During Defendant's attempts to seek a stipulation to arbitrate from Plaintiff, Plaintiff's attorney refused citing the Franken Amendment. However, Counsel is grasping at straws by relying on this inapplicable Amendment. Defendant's Arbitration Agreement has been enforced by numerous other courts, and a Nevada Court recently granted Defendant's Motion to Compel Arbitration in another matter where Plaintiff's attorney opposed arbitration. *See, e.g., Hood v. Tesla, Inc.*, Case No. A-22-860824-C, (Eighth Jud. Dist. Ct., Clark Cnty., Nev., June 17, 2023).

> (1) enter into any agreement with any of its employees or independent contractors that requires, as a condition of employment, that the employee or independent contractor agree to resolve through arbitration any claim under title VII of the Civil Rights Act of 1964 . . .; or
>
> (2) take any action to enforce any provision of an existing agreement with an employee or independent contractor that mandates that the employee or independent contractor resolve through arbitration any claim under title VII of the Civil Rights Act of 1964 . . . .

*Schweyen v. Univ. of Mont.-Missoula*, No. CV 21-138-M-DLC, 2022 U.S. Dist. LEXIS 81810, at *6-7 (D. Mont. May 5, 2022) (quoting Department of Defense Appropriations Act, 2010, Pub. L. 111-118, § 8116, 123 Stat. 3409, 3454-55 (2009) and citing 48 C.F.R. §§ 222.7402(a), 222.7405, 252.222-7006). In other words, the Franken Amendment provides that federal funds may not be awarded to certain defense contractors unless they "agree not to enter into any agreement requiring employees to arbitrate [a]ny claim under title VII of the Civil Rights Act of 1964 or…to enforce any provision of an existing agreement that mandates the arbitration of such claims." *Lee v. Google, Inc.*, 2018 Cal. Super. LEXIS 114049, *10-11.

However, the Franken Amendment is **not** a defense to arbitration. *Id.* (finding "[t]he amendment does not provide that arbitration provisions executed or enforced in violation of this promise are void, nor does it establish a remedy for violations in favor of employees" and "[v]irtually every court that has addressed the issue of whether the Franken Amendment provides a defense to arbitration has indicated that it does not" while reaching the same conclusion); *Schweyen*, 2022 U.S. Dist. LEXIS 81810, at *10 (finding the Franken Amendment did not provide plaintiff with a substantive defense to the defendant's attempt to arbitrate); *Harris v. Halliburton Co.*, No. 1:16-cv-00281-LJO-JLT, 2016 U.S. Dist. LEXIS 105135, at *9 (E.D. Cal. Aug. 9, 2016) (indicating the Franken Amendment does not impose substantive prohibitions on the arbitration of Title VII claims); *Abbiati v. Lockheed Martin Info. Tech.*, 84 Mass. App. Ct. 1129, 2 N.E.3d 199, ¶ 1 (2014) ("[The Franken Amendment] imposes neither substantive prohibitions on arbitration itself, nor deprives the arbitrator of jurisdiction"); *Talhouk v. RMR Grp. LLC*, No. 1:22-cv-03122-WMR, 2023 U.S. Dist. LEXIS 173446, at *5-6 (N.D. Ga. Aug. 15, 2023) ("Both the plain language of the Franken Amendment and relevant case law interpreting it make clear that the Franken Amendment does not void or otherwise operate as a bar to enforcement of a valid arbitration agreement").

Indeed, regardless of whether or not Defendant is a government defense contractor, Plaintiff cannot use the Franken Amendment to invalidate his Arbitration Agreement or avoid his obligation to arbitrate his claims. The Franken Amendment is only a restraint on the executive branch's ability to disburse appropriations through defense contracts (i.e., it is merely a restraint on the Department of Defense's ability to agree to certain terms). *Talhouk*, 2023 U.S. Dist. LEXIS 173446, at *5-6 (N.D. Ga. Aug. 15, 2023) ("By its plain language, this regulatory statute merely restricts the spending of governmental departments and agencies, it is not a direct regulatory prohibition on the conduct of contractors."). The Franken Amendment does **not** impose any freestanding legal obligations on Defendant, and it does **not** provide Plaintiff with enforcement rights to avoid an arbitration agreement. *Schweyen*, 2022 U.S. Dist. LEXIS 81810, at *10 ("[N]othing in the Franken Amendment or its implementing regulations imposes freestanding legal obligations on covered contractors."); *Abbiati*, 84 Mass. App. Ct. 1129, 2 N.E.3d 199 ("The Amendment does not create any rights or establish any procedures that inure to the benefit of civil rights plaintiffs."); *Lee*, 2018 Cal. Super. LEXIS 114049, *11 (rejecting plaintiff's position that she was a third party beneficiary of her employer's defense contract pursuant to the Franken Amendment and finding the Franken Amendment does not establish a remedy for violations in favor of employees). Thus, the Franken Amendment has no bearing on this case and has no effect on the Arbitration Agreement.

As the Franken Amendment is not a defense to arbitration, does not invalidate the parties' Arbitration Agreement, and confers no benefit on Plaintiff, the Court should find that Plaintiff must arbitrate his claims.

### B. This Case Should be Stayed Pending a Ruling on This Motion.

Nevada law requires an action be stayed in its entirety pending the resolution of a motion to compel arbitration. Under NRS 38.221(6), "[i]f a party makes a motion to the court to order arbitration, ***the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section.***" NRS 38.221(6) (emphasis added).

Moreover, a stay will promote judicial economy. If the parties proceed with litigation and the Court subsequently grants Defendant's Motion to Compel Arbitration, both sides will have lost

the benefits traditionally associated with arbitration. *See Winig v. Cingular Wireless LLC*, No. C-06-4297 MMC, 2006 U.S. Dist. LEXIS 83116, at *6-7 (N.D. Cal. Nov. 6, 2006) (quoting *Klepper v. SLI, Inc.*, 45 Fed. Appx. 136, 139 (3d Cir. 2002) ("requiring the parties to submit to full discovery [prior to a ruling on the arbitrability issue] may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid.")).

Accordingly, Defendant respectfully requests that the Court order an immediate stay of this action until the Court rules on the Motion.

### C. This Case Should Be Stayed Pending Completion of Arbitration.

The Court should stay the case until the arbitration is completed. Under 9 U.S.C. § 3:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, ***shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,*** providing the applicant for the stay is not in default in proceeding with such arbitration.

(emphasis added). In light of the plain language of the FAA, the Court should stay the action.

Indeed, the Supreme Court recently confirmed that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, §3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 144 S. Ct. 1173, 1178 (2024). Thus, a stay is mandatory. *Id.* at 1176 (holding "the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration.").

Nevada's UAA also supports a stay. NRS 38.221(7) states that "[i]f the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to the arbitration is severable, the court may limit the stay to that claim." While the court may limit a stay to only arbitrable claims that are severable from non-arbitrable claims, it is clear in this case that no claims against Defendant are severable from those subject to arbitration. In fact, every single claim alleged by Plaintiff pertain to Plaintiff's employment and termination. Thus, Plaintiff's claims are inextricably intertwined as they are based on and arise out of the same factual nucleus regarding Plaintiff's employment and termination.

Thus, if the Court grants the motion to compel arbitration, a stay of the entire action is warranted until arbitration is complete under the FAA and Nevada law.

## IV.   CONCLUSION

Based on the foregoing, Defendant respectfully requests this Court grant its Motion: (1) to compel arbitration, (2) stay the case pending decision of the instant motion, and (3) if arbitration is compelled, stay this matter pending resolution of the arbitration.

Dated this 9th day of April, 2025.

JACKSON LEWIS P.C.

*/s/ Hilary A. Williams*
Deverie J. Christensen, Bar # 6596
Hilary A. Williams, Bar #14645
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 9th day of April, 2025, I caused to be served via the court's electronic filing and service system, a true and correct copy of the above foregoing **DEFENDANT'S: (1) MOTION TO COMPEL ARBITRATION; (2) MOTION TO STAY CASE PENDING DECISION OF MOTION TO COMPEL ARBITRATION; AND (3) MOTION TO STAY CASE PENDING COMPLETION OF ARBITRATION;** properly addressed to the following:

James P. Kemp, Esq.
Kemp & Kemp
7435 W. Azure Drive, Ste. 110
Las Vegas, Nevada 89130

*Attorney for Plaintiff*
*Malcolm Shepherd*

>                              */s/ Rebecca Portelli*
>                              Employee of Jackson Lewis P.C.