# EXHIBIT 3

# EXHIBIT 3

DEVERIE CHRISTENSEN, ESQ.
Nevada Bar No. 6596
HILARY A. WILLIAMS, ESQ.
Nevada Bar No.14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: deverie.christensen@jacksonlewis.com
Email: hilary.williams@jacksonlewis.com

*Attorneys for Defendant Tesla, Inc.*
*f.k.a. Tesla Motors, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MALCOLM SHEPHERD,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., (a.k.a. TESLA MOTORS, INC.) a Delaware Corporation; DOES I-X; and ROE Business Entities I-X.<br><br>Defendants. | Case No.: 3:25-cv-00137-ART-CSD<br><br>**DECLARATION OF BEN FLESCH IN SUPPORT OF DEFENDANT'S:**<br><br>(1) **MOTION TO COMPEL ARBITRATION;**<br><br>(2) **MOTION TO STAY CASE PENDING DECISION OF MOTION TO COMPEL ARBITRATION; AND**<br><br>(3) **MOTION TO, STAY CASE PENDING COMPLETION OF ARBITRATION** |

### DECLARATION OF BEN FLESCH

I, Ben Flesch, hereby declare and state as follows:

1. I make this Declaration in support of Tesla, Inc.'s ("Tesla") (1) Motion to Compel Arbitration and (2) Motion to Stay Case Pending Decision of Motion to Compel Arbitration; and (3) Motion to Stay Case Pending Completion of Arbitration (the "Motion").

2. I am currently employed by Tesla as a Manager, Recruiting Programs. In connection with my position at Tesla, I am familiar with Tesla's employment policies and practices, as well as its hiring procedures. I am familiar with and have personal knowledge regarding how Tesla's

applicant tracking systems and onboarding systems operate, and how the data in those systems is electronically stored. I have personal knowledge of the facts set forth in this declaration, except in instances stated on information and belief. If called to testify as a witness, I could and would competently testify thereto.

3. Tesla is an automotive company with a mission to transition the world to sustainable energy through designing, manufacturing, and selling electric cars and solar products throughout the United States and the world.

4. Tesla builds all-electric vehicles at its factory in Fremont, California. Tesla also produces electric motors, energy storage products, and vehicle powertrains and batteries at its facilities located in Storey County, Nevada, commonly referred as the Gigafactory. Tesla's components and products are distributed from its Fremont, California and Storey County, Nevada facilities throughout the country through normal channels of interstate commerce. Tesla also imports materials from outside the State of California and State of Nevada to its facilities in Fremont, California and Storey County, Nevada for use in production.

5. As part of my job duties, I helped design Tesla's former applicant tracking and onboarding system for its non-managerial, hourly employees, which was a system called Avature. Tesla used Avature between approximately 2018 and 2022. During that time period I utilized Avature on a daily basis, and as the system expert I assisted with tracking candidate offer letters and applications executed through the system. I am familiar with the security protocols in the Avature system designed to ensure the applicants' data integrity and alignment with Tesla's goals and objectives in the applicant recruitment process. I am able to access and view applicants' system history on an as-needed basis, including relevant documents for Plaintiff Malcolm Shepherd ("Plaintiff"). Based on my review of Plaintiff's history in the system, I can see that he applied for, was offered, and accepted employment with Tesla through Avature.

6. During the period of time in which Tesla utilized Avature, Tesla required all applicants for non-managerial, hourly employment positions to apply through the Avature application process, which was accessible through Tesla Careers website: www.tesla.com/careers.

The employment application required the applicant to create his or her own personal, secure profile though Tesla Careers website by providing his or her first name, last name, and personal email address. Plaintiff was required to complete and accurately provide all of the information requested in the application for employment before she could be eligible for employment at Tesla.

7. Avature and the Tesla Careers website contain secure firewalls to maintain software security and to ensure its safe use by prospective applicants. In order to apply for employment at Tesla through Avature, the applicant was required to create a profile with his or her legal first name, last name, and email address. Any communications generated thereafter were directed by Avature's security system to the email address used to create the profile. Plaintiff was required to complete and accurately provide all the information requested in the application for employment before he could be eligible for employment at Tesla.

8. The system shows that Plaintiff's profile is linked to the Production Associate position with Tesla through the Tesla Careers website. Plaintiff, like all other applicants, was required to and did create a profile with his legal first name, last name, and email address. Applicants could not continue with the online application process without creating a secure profile through the Avature system.

9. After an applicant completes the online application process, and Tesla chooses to extend an offer of employment to the applicant, the secure Avature system sends an email to the applicant using the email address the applicant provided during the online application process. The email from Tesla contains a link to the applicant's employment offer letter (the "Offer Letter"). The Avature system contains security measures so that access to the link is restricted to the applicant, which ensures that other Tesla employees could not access an applicant's Offer Letter, except for a small group of administrative employees for the purposes of troubleshooting any technical issues with the link. No one from Tesla's Recruiting Operations, Human Resources, Legal, or any of the applicant's prospective managers are able to access the link, even if they pull up the email sent to the applicant.

10. From my review of the Avature system records, I can see that on June 12, 2020, Tesla sent an email to Plaintiff using the email address he provided when he completed his online application through Avature. The June 12, 2020 email contained a link to Plaintiff's Offer Letter, which Plaintiff had time to review and to consult with counsel if he chose to do so. After clicking the secure link, Plaintiff was presented with the Offer Letter, which included an agreement to arbitrate all claims arising out of his employment, and the ability to accept or decline the Offer Letter. To accept the Offer Letter, Plaintiff had to go through a series of information fields, in which he had to create his own e-signature – which he could do by either typing his name or drawing his e-signature. He would then need to input his first and last name into system. He would then be required to click on a button entitled "Click to Sign."

11. I can see from the system that on June 13, 2020, Plaintiff electronically signed the 4-page Offer Letter, which contained following language: *"[T]o ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by final, binding and private arbitration in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes…"* No one from Tesla's Recruiting Operations, Human Resources, Legal, or any of Plaintiff's prospective managers had access to the document while it was with Plaintiff for consideration. A true and correct copy of the Offer Letter that Plaintiff electronically signed is attached to the Motion as **Exhibit 1**.

12. Once Plaintiff electronically signed the Offer Letter, Adobe Sign generated a final audit report. I have access to and have reviewed the audit report, which further confirms that (1) the Offer Letter was created on June 12, 2020; (2) Plaintiff electronically signed the Offer Letter using his personal email address (mshepherd0505@gmail.com) on June 13, 2020; and (3) the agreement was completed on June 13, 2020. A true and correct copy of the Adobe Sign audit report is attached to the Motion as **Exhibit 2**.

13. I can see from the system that Plaintiff began his employment with Tesla on June 22, 2020 as a Production Associate, working out of Tesla's Nevada Gigafactory located in Storey County, Nevada.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 9, 2025, in Palo Alto, California.

_____
BEN FLESCH