# EXHIBIT 2

Department of Defense Memo Re: Franken Amendment

# EXHIBIT 2



**OFFICE OF THE UNDER SECRETARY OF DEFENSE**
3000 DEFENSE PENTAGON
WASHINGTON, DC 20301-3000

FEB 17 2010

ACQUISITION,
TECHNOLOGY
AND LOGISTICS

In reply refer to
DARS Tracking Number: 2010-O0004

MEMORANDUM FOR COMMANDER UNITED STATES SPECIAL OPERATIONS
    COMMAND (ATTN: ACQUISITION EXECUTIVE)
  COMMANDER UNITED STATES TRANSPORTATION
    COMMAND (ATTN: ACQUISITION EXECUTIVE)
  DEPUTY ASSISTANT SECRETARY OF THE ARMY,
    (PROCUREMENT), DASA(P)
  DEPUTY ASSISTANT SECRETARY OF THE NAVY
    (ACQUISITION & LOGISITICS MANAGEMENT),
    DASN (A&LM)
  DEPUTY ASSISTANT SECRETARY OF THE AIR FORCE
    (CONTRACTING), SAF/AQC
  DIRECTORS, DEFENSE AGENCIES
  DIRECTORS, DOD FIELD ACTIVITIES

SUBJECT:   Class Deviation to Implement Additional Contractor Requirements and Responsibilities Restricting the Use of Mandatory Arbitration Agreements

    Effective immediately, contracting officers shall use the attached clause in covered contracts, when using funds appropriated or otherwise made available for use by the Defense Appropriations Act for Fiscal Year 2010 (FY 10) (Pub. L. 111-118). This class deviation implements section 8116 of that Act.

    This deviation prohibits the use of FY 10 funds for any contract (including task or delivery orders and bilateral modifications) in excess of $1 million that is awarded after February 17, 2010, unless the contractor agrees not to—
- Enter into any agreement with any of its employees or independent contractors that requires, as a condition of employment, that the employee or independent contractor agree to resolve through arbitration any claim under title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention; or
- Take any action to enforce any provision of an existing agreement with an employee or independent contractor that mandates that the employee or independent contractor resolve through arbitration any claim under title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and

battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention.

The clause provided by this deviation also requires that after June 17, 2010, no FY 10 funds may be expended unless the contractor certifies that it requires each covered subcontractor to agree not to enter into, and not to take any action to enforce any provision of any agreement, as described in the previous sentence, with respect to any employee or independent contractor performing work related to such subcontract.

This deviation does not apply to the acquisition of commercial items or commercially available off-the-shelf (COTS) items. Additionally, the clause allows the Secretary of Defense to waive the applicability to a particular contract or subcontract, if necessary to avoid harm to national security interests.

Contracting officers shall modify on a bilateral basis, in accordance with FAR 1.108(d)(3), existing contracts, if FY 10 funds will be used for bilateral modifications or orders that exceed $1 million and are issued after the effective date of this deviation. In the event that a contractor refuses to accept such a modification, the contractor will not be eligible for receipt of FY 10 funds on such modifications or orders. For example:
1. An order that exceeds $1 million using FY 10 funds, placed against an indefinite-delivery/indefinite quantity contract for an applicable item or service, is covered by this restriction, regardless of whether the basic ID/IQ contract was covered.
2. An order that exceeds $1 million using FY 10 funds, placed against a GSA Schedule for an applicable item or service, is covered.
3. A funding modification adding more than $1 million of FY 10 funds to a contract awarded prior to February 17, 2010, is not covered, but a bilateral modification adding new work after February 17, 2010, to such a contract is covered.

This class deviation remains in effect until incorporated in the DFARS or until otherwise rescinded. We intend to publish an interim DFARS rule. We will consider comments received within two weeks after the date of this deviation in the formulation of the interim rule. Comments received after this period of time will be considered in the formulation of the final rule. My point of contact is Mr. Julian Thrash, who may be reached at 703-602-0310, or julian.thrash@osd.mil.

Shay D. Assad
Director, Defense Procurement
and Acquisition Policy

Attachment:
As stated

Attachment—Deviation 2010-O0004

**252.222-7999** Additional Requirements and Responsibilities Restricting the Use of Mandatory Arbitration Agreements

**(DEVIATION)**

Use the following clause in all contracts in excess of $1 million utilizing funds appropriated by the Fiscal Year 2010 Defense Appropriations Act (Pub. L. 111-118), except in contracts for the acquisition of commercial items and commercially available off-the-shelf items.

ADDITIONAL REQUIREMENTS AND RESPONSIBILITIES RESTRICTING THE USE OF MANDATORY ARBITRATION AGREEMENTS (DEVIATION) (FEB 2010)

(a) *Definitions.*

"Covered subcontract," as used in this clause, means any subcontract, except a subcontract for the acquisition of commercial items or commercially available off-the-shelf items, that is in excess of $1 million and uses Fiscal Year 2010 funds.

(b) The Contractor–

    (1) Agrees not to–

        (i) Enter into any agreement with any of its employees or independent contractors that requires, as a condition of employment, that the employee or independent contractor agree to resolve through arbitration any claim under title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention; or

        (ii) Take any action to enforce any provision of an existing agreement with an employee or independent contractor that mandates that the employee or independent contractor resolve through arbitration any claim under title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention; and

(2) Certifies, by signature of the contract, for contracts awarded after June 17, 2010, that it requires each covered subcontractor to agree not to enter into, and not to take any action to enforce any provision of any agreements, as described in paragraph (b)(1) of this clause, with respect to any employee or independent contractor performing work related to such subcontract.

(c) The prohibitions of this clause do not apply with respect to a Contractor's or subcontractor's agreements with employees or independent contractors that may not be enforced in a court of the United States.

(d) The Secretary of Defense may waive the applicability of the restrictions of paragraph (b) to the Contractor or a particular subcontractor for the purposes of the contract or a particular subcontract if the Secretary or the Deputy Secretary personally determines that the waiver is necessary to avoid harm to national security interests of the United States, and that the term of the contract or subcontract is not longer than necessary to avoid such harm. This determination will be made public not less than 15 business days before the contract or subcontract addressed in the determination may be awarded.

(End of clause)