DEVERIE CHRISTENSEN, ESQ.
Nevada Bar No. 6596
HILARY A. WILLIAMS, ESQ.
Nevada Bar No.14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: deverie.christensen@jacksonlewis.com
Email: hilary.williams@jacksonlewis.com

*Attorneys for Defendant Tesla, Inc.*
*f.k.a. Tesla Motors, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MALCOLM SHEPHERD,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., (a.k.a. TESLA MOTORS, INC.) a Delaware Corporation; DOES I-X; and ROE Business Entities I-X.<br><br>Defendants. | Case No.:  3:25-cv-00137-ART-CSD<br><br>**DEFENDANT TESLA, INC'S REPLY IN SUPPORT OF DEFENDANT'S:**<br><br>**(1) MOTION TO COMPEL ARBITRATION;**<br><br>**(2) MOTION TO STAY CASE PENDING DECISION OF MOTION TO COMPEL ARBITRATION; AND**<br><br>**(3) MOTION TO STAY CASE PENDING COMPLETION OF ARBITRATION** |

Defendant Tesla, Inc. ("Defendant" or "Tesla") by and through its counsel, the law firm of Jackson Lewis P.C., submits this Reply in support of Defendant's:  (1) Motion to Compel Arbitration; (2) Motion to Stay Case Pending Decision of Motion to Compel Arbitration; and (3) Motion to Stay this Action pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 and the Uniform Arbitration Act of 2000, Nev. Rev. Stat. § Ch. 38, *et seq.* These Motions are based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

JACKSON LEWIS P.C.
LAS VEGAS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Malcolm Shepherd ("Plaintiff") has failed to establish any reason in law or fact why the Arbitration Agreement (ECF No. 13-1) between the parties should not be enforced and why preliminary questions regarding the Arbitration Agreement's validity should not be decided by the arbitrator. Rather, the case law and evidence before the Court support compelling the parties to arbitration with JAMS. Thus, Defendant's Motions (ECF Nos. 13-15) should be granted.

### II.    LEGAL ARGUMENT

#### A. The parties agreed the arbitrator would determine whether the arbitration agreement is valid and enforceable.

Plaintiff does not dispute he signed the arbitration agreement or that his claims would be subject to the arbitration agreement. *See generally* ECF No. 16. Rather, Plaintiff argues that "the matter of formation or the existence of any arbitration agreement must be submitted to a jury" prior to such an analysis. *Id.* at 6:18-19 (citing *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136 (9th Cir. 1991)). However, Plaintiff's argument ignores recent case law and the delegation provision of the parties' contract.

As explained in Defendant's Motion to Compel Arbitration, the parties agreed by contract that the arbitrator, not the Court, will resolve threshold arbitrability questions. *See* ECF No. 13 at § 3(A)(ii). The U.S. Supreme Court, analyzing a Nevada contract, held that courts must compel arbitration when parties agree to a stand-alone arbitration agreement that contains a provision delegating "gateway" issues, such as the arbitration agreement's validity, to the arbitrator <u>and</u> the party challenging the agreement does not specifically challenge the delegation provision. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72, 130 S. Ct. 2772, 2779 (2010) (finding that unless a challenging party specifically challenges the delegation provision, the court must treat it as valid and enforce it, leaving any challenge to the validity of the arbitration agreement as a whole for the arbitrator); *see also Martin v. ResortCom Int'l LLC*, No. 2:22-cv-00247-JAD-BNW, 2022 U.S. Dist. LEXIS 220626, at *3-4 (D. Nev. Dec. 6, 2022) (enforcing the delegation provision by compelling arbitration when the challenging party challenged the validity of the arbitration agreement as a

whole on unconscionability grounds but failed to challenge the delegation provision specifically).

Here, the parties delegated authority to determine the validity of the Arbitration Agreement to the arbitrator. *See* ECF No. 13 at § 3(A)(ii). Although Plaintiff challenges the validity and enforceability of the Arbitration Agreement as a whole based on "the doctrines of unclean hands, estoppel, and third party beneficiary [*sic*]…pursuant to the Franken Amendment," Plaintiff fails to challenge the validity of the delegation provision specifically. *See* ECF No. 16 at 6:2-7. Thus, the Court "must treat the delegation provision as valid under [FAA] § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the agreement as a whole for the arbitrator." *Martin*, 2022 U.S. Dist. LEXIS 220626, at *5 (internal punctuation omitted) (citing *Rent-A-Center, W., Inc.*, 561 U.S. at 73).

Accordingly, the Court should compel the parties to arbitration and allow the arbitrator to determine whether the Arbitration Agreement is valid – as the parties' agreed pursuant to the delegation provision.

### B.  The Franken Amendment is inapplicable.

Even if the Court concludes that it, and not the arbitrator, should decide whether the parties' dispute is arbitrable, the Court should find that the Franken Amendment does not bar enforcement of the parties' Arbitration Agreement. Plaintiff has presented no factual basis to bind Defendant to any obligation under the Franken Amendment and, legally, Defendant cannot be bound by the Franken Amendment.

### i.    Plaintiff's evidence is irrelevant.

Plaintiff's argument relies heavily on Exhibit 1 to his Opposition, which he contends shows that Defendant entered into a multimillion-dollar contract with the military. *See* ECF No. 16-1 at 8. However, Plaintiff's exhibit shows that the contract was awarded to **Tesla Industries, Inc.**, which is a separate and distinct entity from the named party in this action, **Defendant Tesla, Inc.** *Id.*; **Exhibit 1** (showing Tesla Industries, Inc. was incorporated in 1991); **Exhibit 2** (showing Tesla, Inc. was incorporated in 2003).[1]

---

[1] A court may take judicial notice of matters of public record if they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). Thus, the Court may take

Tesla Industries, Inc. and Tesla, Inc. are completely separate entities.  Whether negligently or intentionally, Plaintiff is confused by a similarly-named, but completely unrelated company that has a purported contract with the DOD (Tesla Industries, Inc.).  Tesla Industries, Inc. was incorporated in 1991 while Defendant Tesla, Inc. was founded in 2003. Exs. 1-2. Moreover, the companies offer different products and services. Tesla Industries, Inc.'s primary products include "Turbo Start™ portable ground power systems, the MPU (Micro Power Unit) Aviation Battery Systems and our Cobra™ series of connectors and cables" whereas Tesla, Inc. is an automotive company that designs, manufactures, and sells electric cars and solar products. *Compare* **Exhibit 3** (available at http://www.teslaind.com/about-tesla-industries.php (last accessed April 30, 2025)) *with* ECF No. 13-3 at ¶ 3 (declaring "Tesla is an automotive company with a mission to transition the world to sustainable energy through designing, manufacturing, and selling electric cars and solar products…"). Tesla Industries, Inc. also purports to design and manufacture power conversion systems in New Castle, Delaware while (relevant to this action) Plaintiff's employer, Tesla, Inc., builds products in Nevada and California, and is incorporated in Texas. *Compare* Ex. 3 *with* ECF No. 13-3 at ¶ 4.

In sum, Tesla Industries, Inc. and Tesla, Inc. are two separate, district, and unrelated legal entities. More importantly, Tesla Industries, Inc. is not named in this action, and any contracts awarded to it are irrelevant.

Plaintiff's entire argument that arbitration cannot be compelled pursuant to the Franken Amendment is built an alleged contract between a completely unrelated entity and the Department of Defense (the "DoD"). Plaintiff has not provided any evidence that Defendant is a contractor for the DoD. In other words, Plaintiff has not presented any contract between his former employer and the named Defendant, Tesla, Inc., and the DoD. Still, Plaintiff demands Defendant be bound by provisions Plaintiff "presumes" appear in some hypothetical, unidentified contract with the DoD. *See* ECF No. 16 at 4:1-2 ("In breach of presumed contractual obligations (presumed because Plaintiff does not currently have a copy of the contract in question…)"); *id.* at 12:5-8 ("…Tesla

_____

judicial notice of Exhibits 1 and 2 showing public records regarding the entity status of the two businesses from the State of Delaware's website.

presumably agreed to not enforce a forced pre-dispute arbitration agreement…").

Plaintiff has not presented any fact rendering the Franken Amendment in any way relevant to Defendant Tesla, Inc. Thus, all of Plaintiff's equitable arguments (including, but not limited to, "unclean hands, estoppel, and third party beneficiary") based on Plaintiff's assumption that Tesla violated the Franken Amendment or a contract under the Franken Amendment are similarly irrelevant. *See* ECF No. 16 at 5:7-13.

The Court should enforce the only contract before it – the parties' Arbitration Agreement. Accordingly, the Court should grant Plaintiff's Motion (ECF No. 13) and compel the parties to participate in arbitration.

### ii.    Plaintiff misreads the Franken Amendment.

The Court need not even analyze the Franken Amendment because there is no evidence of a contract between Defendant Tesla, Inc. and the DoD.  Plaintiff's litigation tactic of inserting a similarly-named entity in place of Defendant should be rejected, and not rewarded.

However, even if Plaintiff's "evidence" and assumptions applied to Defendant, Plaintiff misunderstands and misapplies the Franken Amendment to this case. Plaintiff claims the Franken Amendment prohibits Defendant from entering into forced arbitration agreements requiring its employees to submit Title VII claims to arbitration and enforcing previously existing arbitration agreements. ECF No. 16 at 7:4-10.

However, the Franken Amendment does not bind, obligate, or prohibit contractors from doing anything. *Talhouk v. RMR Grp. LLC*, No. 1:22-cv-03122-WMR, 2023 U.S. Dist. LEXIS 173446, at *5-6 (N.D. Ga. Aug. 15, 2023) (finding that, by its plain language, the Franken Amendment "is not a direct regulatory prohibition on the conduct of contractors"); *Schweyen v. Univ. of Mont.-Missoula*, No. CV 21-138-M-DLC, 2022 U.S. Dist. LEXIS 81810, at *10 (D. Mont. May 5, 2022) ("[N]othing in the Franken Amendment or its implementing regulations imposes freestanding legal obligations on covered contractors.").

Rather, the Franken Amendment prohibits **the DoD** from entering into any contracts in excess of $1 million unless the contract contains a provision in which the contractor agrees not to enforce an arbitration agreement in disputes regarding certain claims. *Talhouk*, 2023 U.S. Dist.

LEXIS 173446, at *5-6 ("By its plain language, this regulatory statute merely restricts the spending of governmental departments and agencies"). In other words, the Franken Amendment merely requires **the DoD** to include certain provisions in certain contracts.

Moreover, the Franken Amendment "does not provide that arbitration provisions executed or enforced in violation of this promise are void, nor does it establish a remedy for violations in favor of employees." *Lee v. Google, Inc.*, 2018 Cal. Super. LEXIS 114049, *10-11. The text of the Franken Amendment does not invalidate arbitration agreements between contractors and their employees. *Id.* By asking the Court to invalidate the parties' Arbitration Agreement under the Franken Amendment, the Plaintiff asks the Court to impermissibly legislate from the bench by enforcing provisions of the Franken Amendment that do not exist. *Miller v. Snavely (In re Snavely)*, 314 B.R. 808, 818 (B.A.P. 9th Cir. 2004) ("We cannot legislate from the bench to make the statute into something it is not, either in its plain language or in its historical application.")

Indeed, multiple courts have found that the Franken Amendment is **not** a defense to arbitration, and a contractor's employees may not invoke it to avoid arbitration. *Id.*; *Schweyen*, 2022 U.S. Dist. LEXIS 81810, at *10; *Talhouk*, 2023 U.S. Dist. LEXIS 173446, at *5-6; *Harris v. Halliburton Co.*, No. 1:16 -cv-00281-LJO-JLT, 2016 U.S. Dist. LEXIS 105135, at *9 (E.D. Cal. Aug. 9, 2016); *Abbiati v. Lockheed Martin Info. Tech.*, 84 Mass. App. Ct. 1129, 2 N.E.3d 199, ¶ 1 (2014). Plaintiff has provided no case law to the contrary. In fact, Plaintiff sidesteps these arguments altogether by attempting to distract the Court with a reference to an irrelevant contract involving Tesla Industries, Inc. as described above. When a party fails to respond to an argument, the party admits that the argument has merit based on his silence and has consented to the granting of the Motion. *Carthen v. Nev.*, 2018 Nev. Dist. LEXIS 425, *4-5 (collecting cases).

Because the Franken Amendment does not restrict a contractor's actions, does not invalidate arbitration agreements between contractors and their employees, and does not provide employees with a remedy or defense to arbitration, Plaintiff cannot invoke the Franken Amendment to avoid arbitration this case even if Defendant was a relevant contractor. Accordingly, the Court should grant Defendant's Motion (ECF No. 13) and compel arbitration.

**C. Plaintiff does not dispute Defendant's motions to stay if the motion to compel arbitration is granted.**

Defendant states he has no opposition to Plaintiff's motions to stay (ECF Nos. 14-15) if Defendant's Motion to Compel Arbitration (ECF No. 13) is granted. ECF No. 16 at § III. Although Plaintiff contends that the Motion to Stay the Case Pending Decision to Motion to Compel Arbitration (ECF No. 14) would be moot if the Motion to Compel (ECF No. 13) is denied, for purposes of scheduling and judicial economy, such Motion should be granted regardless of the Court's decision on Defendant's Motion to Compel. *Id.*; ECF No. 14 at § III(b).

## III.    CONCLUSION

Unfortunately for Plaintiff, this lawsuit does not involve in any way Tesla Industries, Inc. (a company completely unrelated to Plaintiff's former employer, Defendant Tesla, Inc.) Ultimately, Plaintiff cannot show any reason the actual parties' Arbitration Agreement or the delegation provision should not be enforced in law or fact. Thus, for the foregoing reasons, Defendant respectfully requests that its Motions (ECF Nos. 13-15) be granted, the parties be compelled to arbitration with JAMS, and the case stayed.

Dated this 30th day of April, 2025.

JACKSON LEWIS P.C.

*/s/ Hilary A. Williams*
Deverie J. Christensen, Bar # 6596
Hilary A. Williams, Bar #14645
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*

JACKSON LEWIS P.C.
LAS VEGAS

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 30th day of April, 2025, I caused to be served via the court's electronic filing and service system, a true and correct copy of the above foregoing **DEFENDANT TESLA, INC'S REPLY IN SUPPORT OF DEFENDANT'S: (1) MOTION TO COMPEL ARBITRATION; (2) MOTION TO STAY CASE PENDING DECISION OF MOTION TO COMPEL ARBITRATION; AND (3) MOTION TO STAY CASE PENDING COMPLETION OF ARBITRATION;** properly addressed to the following:

James P. Kemp, Esq.
Kemp & Kemp
7435 W. Azure Drive, Ste. 110
Las Vegas, Nevada 89130

*Attorney for Plaintiff*
*Malcolm Shepherd*

/s/ Rebecca Portelli
Employee of Jackson Lewis P.C.